IN THE UNITED STATES DISTRICT COURT    FILED
U.S. DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA AUGUSTA DIV.

AUGUSTA DIVISION                2011 SEP 16 P 12: 55

CLERK
SO. DIST. OF GA.

| | | |
|---|---|---|
| BILLY N. HAMMOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 111-045 |
| | ) | |
| LYNDA SEWELL HULSEY, HANK | ) | |
| SYMS, Assistant Prosecutor, DEANA C. | ) | |
| EDWARDS, Administrative Assistant to | ) | |
| Michael B. Arrington, FNU SISSERO, Sgt., | ) | |
| FNU SIMPKINS, Officer, REX MYERS, | ) | |
| GRANT K. USRY, and PETER D. | ) | |
| JOHNSON, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at the Georgia Diagnostic and Classification State Prison in Jackson, Georgia,[1] brought the above-captioned case pursuant to 42 U.S.C. § 1983. Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants.[2] Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is

---

[1] At the time Plaintiff brought the above-captioned case, he was incarcerated at Augusta-Richmond County Law Enforcement Center ("the Jail") in Augusta, Georgia.

[2] As explained in a simultaneously filed Order, the Court proceeds to screen Plaintiff's original complaint in conjunction with his amended complaint. (Doc. nos. 1, 14.) For ease of reference, the Court will hereinafter refer to these documents collectively as Plaintiff's "complaint."

frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

I. BACKGROUND

Liberally construing Plaintiff's complaint, the Court finds that Plaintiff names the following Defendants, in their individual and official capacities: (1) Lynda Sewell Hulsey, Director of the Georgia State Bar's Consumer Assistance Program; (2) Deana C. Edwards, an administrative assistant to one of Plaintiff's former defense attorneys; (3) Hank Syms, an Assistant District Attorney; (4) Sargent Sissero, an officer at the Jail; (5) Officer Simpkins, another officer at the Jail; (6) Rex Myers, an Assistant District Attorney; (7) Grant K. Usry, an Assistant District Attorney; and (8) Peter D. Johnson, one of Plaintiff's defense attorneys. (Doc. no. 1, p. 1; doc. no. 14, p. 1.) At the time he filed his complaint, Plaintiff stated that he had been held in the Jail for 27 months. (Doc. no. 14, p. 6.) According to Plaintiff, during that time, the Honorable Sheryl B. Jolly, Richmond County Superior Court Judge, ordered that he undergo a mental evaluation. (See doc. no. 1, pp. 5, 8.) In his complaint, Plaintiff alleges two separate claims: the first relates to his confinement at the Jail, and the second relates to his mental evaluation and criminal proceedings.

In his first claim, Plaintiff states he was beaten by Sissero and Simpkins on October 31, 2009. (Doc. no. 14, p. 5.) On that day, Plaintiff alleges that he was in the shower when Sissero and Simpkins appeared and told him to get out. (Id.) When he complied, he alleges that they beat, hit, and kicked him, that Sissero put him "in a choking hold," and that Simpkins "got ahold of [his] skin." (Id.) Plaintiff alleges that on November 2, 2009, "Captain Reeves" took pictures of Plaintiff's pinch marks, "busted mouth," and black eye, and told Plaintiff that an internal investigation would ensue. (Id.) Plaintiff alleges that the incident violated his civil

2

rights, but was "covered up," and nothing further has been done. (Id.)

In Plaintiff's second claim, he alleges that the remaining Defendants in this case are involved in a conspiracy to deprive him of his constitutional rights. (See generally doc. no. 1; doc. no 14, pp. 6-20.) He states that Hulsey and Edwards both pretended to be psychologists (doc. no. 14, p. 7),[3] and that Hulsey "extended her belief of a psychologist" when she told Plaintiff that "no one can read your mind," and that he should write a request for a public defender if he wanted one (doc. no. 1, p. 6). Plaintiff further states that during criminal proceedings, Johnson – Plaintiff's defense attorney at the time – conspired with jurors to find him guilty, forged a change of plea without Plaintiff's knowledge, and conspired with District Attorneys Syms, Usry, and Myers to coerce his plea. (Doc. no. 14, pp. 10, 12.) Plaintiff contends that Defendants' conduct resulted in a violation of his constitutional right to due process and equal protection, as well as his right to a speedy trial. (Doc. no. 1, p. 7; doc. no. 14, p. 6.)

## II. DISCUSSION

### A. Failure to State a § 1983 Claim Against Defendant District Attorneys

Plaintiff's claims against Syms, Usry, and Myers are subject to dismissal because their roles as prosecutors entitle them to immunity. "In § 1983 actions, prosecutors have absolute immunity for all activities that are 'intimately associated with the judicial phase of the criminal process.'" Rehberg v. Paulk, 611 F.3d 828, 837 (11th Cir. 2010) (quoting Van de Kamp v. Goldstein, 555 U.S. 335, 129 S. Ct. 855, 860 (2009)). This absolute immunity shields a prosecutor from liability when faced with "allegations stemming from the prosecutor's function as advocate." Id. (quoting Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999).

---

[3]Plaintiff also alleges that Hulsey pretended to be a doctor. (Doc. no. 1, p. 6.)

3

"The prosecutorial function includes initiation and pursuit of criminal prosecution, and most appearances before the court . . . ." Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004) (citations omitted).

Here, Syms, Usry, and Myers' actions were taken pursuant to their roles as prosecuting attorneys. See Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993) (noting that immunity protects a prosecutor's conduct before the grand jury); Hall v. Lockette, No. 1:05CV65 (WLS), 2005 WL 3693191, at *2 (M.D. Ga. Aug. 11, 2005) (explaining that prosecutorial immunity "includes a prosecutor's efforts to coerce a plaintiff's guilty plea"). Accordingly, Syms, Usry, and Myers are entitled to prosecutorial immunity for Plaintiff's claims against them. Cf. Williams v. Holsey, No. 5:10CV211 (MTT), 2010 WL 4261354, at *1 (M.D. Ga. July 7, 2010) (recommending dismissal of § 1983 false imprisonment and malicious prosecution claims against state prosecutor on prosecutorial immunity grounds), aff'd, No. 5:10CV211 (CAR), 2010 WL 4261399 (M.D. Ga. Oct. 20, 2010).

## B. Failure to State a § 1983 Claim Against Defendants Hulsey and Edwards

Plaintiff fails to state a claim against Hulsey and Edwards because they did not act under the color of state law for the purposes of 42 U.S.C. § 1983. The Supreme Court has held that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the *alleged deprivation was committed by a person acting under color of state law*." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted) (emphasis added). Traditionally, acting under color of state law "requires that the defendant in a § 1983 action have exercised power possessed by the virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Id. at 49 (internal quotation marks and citation omitted).

According to Plaintiff, Hulsey is the Director of the Georgia State Bar's Consumer Assistance Program, and Edwards is an administrative assistant to the public defender who previously represented Plaintiff. (Doc. no. 1, p. 4.) Plaintiff's allegation that Hulsey and Edwards pretended to be psychologists is insufficient to allege that they were acting under color of state law. Plaintiff has not alleged that Hulsey or Edwards took any actions pursuant to power possessed by virtue of state law or made possible because they were clothed with the authority of state law. See West, 487 U.S. at 48. Accordingly, Hulsey and Edwards should be dismissed from this action.

Moreover, Plaintiff's allegations of wrongdoing against Hulsey and Edwards are vague, at best, as he does not indicate how any actions they took amounted to the violation of any constitutional right. As vague and conclusory allegations are not sufficient to state a claim, see Taylor v. Singletary, 148 F.3d 1276, 1285 (11th Cir. 1998) (noting that a "bare, conclusory allegation . . . is insufficient, without more, to warrant further evidentiary consideration"), Plaintiff's allegations against Hulsey and Edwards fail to state a § 1983 claim.

### C. Failure to State a § 1983 Claim Against Defendant Johnson

In addition, Plaintiff fails to state a claim against Johnson because he did not act under the color of state law for the purposes of 42 U.S.C. § 1983. See West, 487 U.S. at 48. "It is well settled . . . that an attorney, whether court-appointed or privately retained, does not qualify as a state actor for purposes of § 1983 liability." Barnette v. Ernst, No. CV407-020, 2007 WL 1035139 at *3 (S.D. Ga. Apr. 23, 2007) (Moore, J.) (citing Polk County v. Dodson, 454 U.S. 312, 318 & n.7 (1981) (finding a lawyer representing a client was not, "by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983")); see also Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976) (holding that a private attorney who

was retained to represent a criminal defendant was not acting under color of state law).

By representing Plaintiff, Johnson was simply acting in accordance with his role as counsel to a defendant in a criminal proceeding, and thus is not a "person acting under color of state law." Therefore, Plaintiff's allegations against Johnson fail to state a claim for relief under § 1983.

### D. No Official Capacity Claims for Damages

In the caption of his complaint, Plaintiff names each Defendant individually and in his or her official capacity. (Doc. no. 1, p. 1; doc. no. 14, p. 1.) Notably, however, the Eleventh Amendment bars official capacity claims against state prison officials for monetary damages. Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore, to the extent that Plaintiff seeks monetary relief from Defendants on official-capacity claims, such claims should be dismissed, as they are barred by the Eleventh Amendment.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendants Hulsey, Syms, Edwards, Myers, Usry, and Johnson be **DISMISSED** from this case, and that Plaintiff's official-capacity claims for money damages be **DISMISSED**.[4]

SO REPORTED and RECOMMENDED this 16th day of September, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[4] In a simultaneously filed Order, the Court has directed that service of process be effected on Defendants Sissero and Simpkins, in their individual capacities, based on Plaintiff's Eighth Amendment excessive use of force claim.