IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| BILLY N. HAMMOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 111-045 |
| | ) | |
| ROBERT SIMPKINS and PETER CICCIO, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Hays State Prison in Trion, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983.[1] Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). The case is currently before the Court on Defendants' motion to dismiss the case with prejudice for violation of the Court's Order to respond to discovery. (Doc. no. 65.) After prompting by the Court (doc. no. 75), Plaintiff has filed two motions "To Show Just Cause" (doc. nos. 76, 77), although these filings do not respond to the arguments raised in the motion to dismiss. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion to dismiss be **GRANTED**.

I. **BACKGROUND**

Plaintiff commenced this action on April 5, 2011, seeking relief for allegedly unlawful actions taken by Defendants and several other individuals arising out of his

---

[1] At the time Plaintiff commenced the above-captioned case, he was incarcerated at the Augusta-Richmond County Law Enforcement Center in Augusta, Georgia. (See doc. nos. 1, 14.)

underlying state criminal proceedings and subsequent incarceration at the Augusta-Richmond County Law Enforcement Center. (See doc. no. 1.) The Court granted Plaintiff's request to proceed IFP (doc. no. 3) and screened Plaintiff's complaint (doc. nos. 1, 14) as required under 28 U.S.C. § 1915(e) and 1915A, allowing him to proceed against Defendants with an Eighth Amendment claim for excessive use of force.[2] (Doc. no. 18.) On November 18, 2011, Defendants filed their answer to Plaintiff's complaint. (Doc. no. 23.)

During discovery, Defendants filed a motion to compel, explaining that they had been unable to procure responses to discovery requests served on Plaintiff despite prompting him multiple times to respond. (Doc. no. 43.) Plaintiff did not oppose the motion to compel, and on April 17, 2012, the Court granted the motion and ordered Plaintiff to serve responses to Defendants' discovery requests within fourteen days from the date of that Order.[3] (Doc. no. 57.) Further, based on Defendants' successful motion to compel, Defendants requested, and were granted, $150 in expenses associated with preparing the motion to compel. (Doc. nos. 58, 75.) Defendants have filed a notification informing the Court that, as of July 3, 2012, Plaintiff has neither responded to their discovery requests nor paid the $150 in expenses awarded to Defendants. (Doc. no. 78.)

---

[2]In a Report and Recommendation ("R&R") issued simultaneously with the Court's screening Order, the Court recommended that the remaining Defendants, as well as Plaintiff's official-capacity claims for monetary damages, be dismissed. (Doc. no. 16.) The presiding District Judge adopted the R&R as the opinion of the District Court. (Doc. no. 22.)

[3]Because it later became apparent that Plaintiff had not received a copy of the Court's April 17, 2012 Order, the Court directed the Clerk of Court to provide Plaintiff with another copy of that Order and granted Plaintiff until May 30, 2012, to respond to Defendants' discovery requests and motion for expenses. (Doc. no. 68.) Plaintiff later indicated that he had received the Court's Order granting Defendants' motion to compel, but he gave no indication that he intended to comply with the Court's Order. (See doc. no. 70.)

As the Court has previously noted (doc. no. 57, p. 2 n.2), this is not the first time Plaintiff has refused to respond to requests for discovery. Previously, in an unrelated case that Plaintiff filed, the Court granted the defendant's motion to compel when Plaintiff failed to respond to discovery requests. See Hammock v. Strength, CV 109-136, doc. no. 30 (S.D. Ga. July 28, 2010). After Plaintiff failed to respond to the defendant's discovery requests, as ordered, or pay the defendant the expenses awarded for filing the motion to compel, the Court recommended that Plaintiff's case be dismissed without prejudice. Id., doc. no. 52, *adopted as opinion of District Court*, doc. no. 58. The presiding District Judge further specified that Plaintiff would not be permitted to file a new lawsuit against the defendant regarding the events at issue in that case unless and until Plaintiff paid the expenses awarded to the defendant. Id., doc. no. 58.

The Court also notes that throughout the instant case, Plaintiff has made a habit of submitting documents to provide the Court with a narrative of events that have no bearing on the Eighth Amendment claim at issue in this case.[4] (See, e.g., doc. nos. 10, 26, 38, 48, 51.) Though these documents are ostensibly filed as "motions," they chiefly serve to apprise the Court of Plaintiff's unsubstantiated theories of malfeasance by defense counsel, various staff members of the Office of the Clerk, and individuals involved in his underlying criminal proceedings, which the Court has repeatedly informed Plaintiff is improper. (See doc. nos. 18, 29, 53, 57.) Notably, Plaintiff was given similar admonitions in his prior case that likewise went unheeded, see CV 109-136, doc. nos. 7, 19, 41, 54, and Plaintiff continued to

---

[4]Indeed, Plaintiff's latest two filings (doc. nos. 76, 77) are a continuation of this practice. In a separately issued Order, the Court denies these "motions," which request no appropriate relief from the Court.

file superfluous motions well after the case had been closed, see id., doc. nos. 60, 61, 63, 65.

## II. DISCUSSION

Defendants contend that dismissal of this case with prejudice is appropriate because of Plaintiff's failure to obey the Court's Order granting their motion to compel and directing Plaintiff to respond to Defendants' discovery requests. (Doc. no. 65.) Although Plaintiff has since filed two motions "To Show Just Cause," they do not address Defendants' motion to dismiss, and are instead a continuation of his practice of apprising the Court of his belief that defense counsel and a myriad of others are engaging in various acts of malfeasance. (Doc. nos. 76, 77.)

Sanctions, including dismissal, may be imposed for failure to obey a court order to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(A). The decision of whether to impose sanctions under Rule 37 – and, if imposed, what type of sanction – is committed to the Court's discretion. Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999) (*per curiam*) (dismissal appropriate where "throughout the course of litigation [plaintiff] engaged in behavior which interfered with the process of discovery"); see Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1542-43 (11th Cir. 1993) (affirming default judgment for willful failure to comply with a clear discovery order and explaining that Rule 37 "gives district judges broad discretion to fashion appropriate sanctions for violation of discovery orders."). "Dismissal with prejudice is the most severe Rule 37 sanction and is not favored. But, dismissal may be appropriate when a plaintiff's recalcitrance is due to wilfulness, bad faith or fault." Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir. 1993) (affirming dismissal with prejudice for willful and deliberate refusal to comply with discovery orders) (internal citation

4

omitted). Furthermore, dismissal is only appropriate where lesser sanctions would not suffice. Gratton, 178 F.3d at 1374 (citing Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985)); see also Cox v. American Cast Iron Pipe Co., 784 F.2d 1546, 1556 (11th Cir. 1986) ("The decision to dismiss a claim . . . ought to be a last resort – ordered only if noncompliance with discovery orders is due to willful or bad faith disregard of those orders.").

Here, Plaintiff's conduct throughout this case is indicative of willful disregard of the Court's Orders and bad faith, making dismissal with prejudice an appropriate sanction under Fed. R. Civ. P. 37. First, Plaintiff's refusal to respond to Defendants' discovery requests, despite the Court's clear instruction to do so, amounts to a willful failure to obey the Court's order that he provide discovery. Moreover, this is now the second time the Court has had to address Plaintiff's failure to participate in discovery in cases he has filed in this Court. As Defendants persuasively argue (doc. no. 65, p. 2), the District Court's dismissal without prejudice of Plaintiff's prior case has had no effect on Plaintiff in light of his current failure to respond to discovery. Second, the Court's conclusion to dismiss this case with prejudice is bolstered by the fact that Plaintiff persists in filing superfluous documents – both in the instant case as well as in his prior, closed case – despite multiple admonitions that this is improper. Notably, despite Plaintiff's evident ability to bombard the Court and defense counsel with filings, he has refused every opportunity to use this ability to respond to Defendants' discovery requests.

Finally, the Court finds that lesser sanctions would not suffice in this instance to cure the harm resulting from Plaintiff's latest refusal to obey a Court discovery Order. None of

5

the lesser sanctions enumerated in Fed. R. Civ. P. 37(b)(2) are adequate to address Plaintiff's refusal to comply with the Court's discovery Order in light of the fact that dismissal without prejudice in Plaintiff's prior case was clearly ineffectual. Moreover, Plaintiff's indigence and failure to comply with either the Court's prior or instant instructions to pay attorney's fees makes monetary sanctions inadequate to address his conduct. Accordingly, the Court finds that dismissal with prejudice is appropriate and concludes that Defendants' motion to dismiss should be granted.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion to dismiss (doc. no. 65) be **GRANTED**, that Plaintiff's complaint be **DISMISSED WITH PREJUDICE**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED on this 25th day of July, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE